```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
41-45 PROPERTY OWNER, LLC,                              :
                                                        :       Case No. 1:22-cv-08634 (LGS)
                        Plaintiff and Counter-          :
                        Defendant                       :
                                                        :       CIVIL CASE MANAGEMENT
                                                        :       PLAN AND SCHEDULING ORDER
        -against-                                       :
                                                        :
CDM1, LLC,                                              :
                                                        :
                        Defendant and                   :
                        Counter-Plaintiff               :
------------------------------------------------------- X
```

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent_____ / do not consent__X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have__X__ / have not_____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes_____ / No_X_____]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
       [Yes_____ / No_X_____]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
       [Yes_____ / No_X_____]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes_____ / No_X_____]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have __X__ / have not _____] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   Counsel for the parties have not yet discussed an informal exchange of information.

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   Plaintiff's position is that since the Parties recently conducted an unsuccessful private mediation before the Honorable John M. Mott, a retired judge for the D.C. Superior Court, further mediation should await completion of document exchanges and depositions. CDM1 is willing to participate in a settlement conference before a Magistrate Judge when Plaintiff believes it would be constructive to do so.

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   After the close of fact discovery.

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined without leave of Court, except as provided by Rule 15 of the Federal Rules of Civil Procedure.

6. Amended pleadings may not be filed without leave of Court except as provided by Rule 15 of the Federal Rules of Civil Procedure.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than December 19, 2022, 40 days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]* This date allows the parties to convene a Rule 26(f) conference after Plaintiff submits its response to Defendant's impending Answer and Counterclaim, which response will be due on January 9, 2023, and for Defendant's motion to dismiss to be fully submitted, which will be on or around December 30, 2022.

8. Fact Discovery

   a. All fact discovery shall be completed no later than April 20, 2023 *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by January 19, 2023.

   c. Responsive documents shall be produced by February 24, 2023.
   Do the parties anticipate e-discovery? [Yes  X / No       ]

   d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by January 19, 2023.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by April 20, 2023.

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by March 17, 2023.

   g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:
   The parties expect they will need to retain experts to advise on the type of Pump and Tank System and the noise level created by that system.

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than June 5, 2023.
   *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by February 20, 2023 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is_____ / is not  X  ] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is <u> 3-4 days                      </u>.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    _____
    _____
    _____
    _____
    _____
    _____
    _____

13. Status Letters and Conferences

    a. By <u>February 21, 2023</u> *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By <u>May 4, 2023</u> *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On <u>June 19, 2023 at 10:00       </u> A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: December 7, 2020
      New York, New York

                                                  LORNA G. SCHOFIELD
                                                  United States District Judge

Counsel for the Parties:

| ARENTFOX SCHIFF LLP | HERRICK, FEINSTEIN LLP |
|---|---|
| */s/ Brittany H. Sokoloff* | */s/ Scott E. Mollen* |
| Brittany H. Sokoloff | Scott E. Mollen |
| 1301 Avenue of the Americas | Alan D. Kaplan, Esq. |
| 42nd Floor | Jennifer M. Muller, Esq. |
| New York, NY 10019 | 2 Park Avenue |
| brittany.sokoloff@afslaw.com | New York, New York 10016 |
| Telephone: 212.745.9555 | Tel: (212) 592-1400 |
| Facsimile: 212.484.3990 | Fax: (212) 592-1500 |
| | *Attorneys for 41-45 Property Owner LLC* |

Frederick J. Sperling
Adam Diederich
ArentFox Schiff LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
frederick.sperling@afslaw.com
adam.diederich@afslaw.com
*Admitted Pro Hac Vice*

*Counsel for Defendant CDM1, LLC*