UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 41-45 PROPERTY OWNER, LLC,<br><br>               Plaintiff and Counter-<br>               Defendant,<br><br>        -against-<br><br>CDM1, LLC,<br><br>               Defendant and Counter-<br>               Plaintiff | Case No. 1:22-cv-08634 (LGS) |

**JOINT PROTOCOL FOR PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED INFORMATION ("ESI")**

This Protocol will govern how the parties manage electronic discovery in the above-captioned Action. The production specifications in this Protocol apply to documents that are produced in the first instance in this Action, by a party to this Action, unless otherwise specified below.

**I.**    **GENERAL PROVISIONS**

A.    The agreements set forth herein are without prejudice to the right of a party to request additional information about, or production of, additional ESI or object to such requests for information or production on grounds related to the particular request.  The parties shall confer in good faith with regard to whether such additional efforts are reasonably required and may seek assistance from the Court to resolve such disputes if agreement cannot be reached.

B.    The parties shall make reasonable efforts to resolve any differences concerning compliance with this Protocol. The parties shall meet and confer to the extent reasonably necessary to resolve any issues regarding production format and to facilitate the import and use of the

produced materials with commercially available document management or litigation support software.

C.      No party may seek relief from the Court concerning compliance with this Protocol until it has conferred with the other party or parties relevant to the dispute.

## II.      **IDENTIFICATION OF RESPONSIVE ESI**

A.      **Search for Discoverable ESI.**  In response to a requesting party's discovery request for which documents will be produced either by agreement that the request is properly within the scope of discovery in the Action or as a result of intervention by the Court ("Document Request"), the producing party shall conduct a reasonable and good faith search for responsive ESI.

B.      **Reasonably Accessible ESI.**  To the extent a producing party becomes aware of sources of ESI that contain unique data that is potentially responsive to a Document Request but that the producing party in good faith considers to be not reasonably accessible because of undue burden or cost, the producing party must promptly and fully disclose such ESI and meet and confer with the receiving party.

C.      **Custodians.**  Unless otherwise agreed to by the requesting and producing parties, within five (5) days of a party serving its responses and/or objections agreeing to produce documents in response to a party's Requests for Production of Documents, the producing party will disclose the individuals they believe in good faith to be the most likely to possess ESI and other documents potentially responsive to the requests. Within five (5) days of the party's disclosure, the parties shall meet and confer to attempt to agree on a list of individuals whose custodial ESI will be searched. The list of individuals, either as a result of agreement by the parties or intervention by the Court, shall be considered the "Custodians," whose documents, email and other ESI will be searched in this matter in response to the RFPs.  The list of Custodians can be

amended at any time by agreement of the requesting and producing parties or by order of the Court. This paragraph is not intended to limit the sources of ESI to be considered and/or searched to individual custodial ESI.

      D.     **Preservation.**  Each party represents that it has taken the required steps to preserve hard copy documents and ESI related to this Action. These steps include, but are not limited to, providing written notice to the Custodians who are under each party's control. The parties will disclose categories or sources of responsive information that they have reason to believe have not been preserved or should not be preserved, after the duty to preserve arose and will explain the reasons to support such a belief.

      E.     **Information Security Systems.**  Data transferred to the parties will treated with the appropriate confidentiality. As necessary, access to data can be limited by identity authentication, encryption, secure communications or storage, and other information and data protection and technology deployments, where appropriate.   At the end of the litigation, ESI discovery materials designated as confidential under the protective order entered in this case will be returned, destroyed, or securely archived to prevent unauthorized access.  Counsel of record for the parties shall verify that they and/or their clients, as applicable, searched for and returned, destroyed, or securely archived confidential data.

      F.     **Search Terms.**  Unless otherwise agreed to by the requesting and producing parties, within the later of five (5) days of a party's serving its responses and/or objections agreeing to produce documents in response to another party's RFPs, or entry of this Protocol, the producing party will disclose the search terms and any other culling/search criteria it intends to apply ("Proposed Search Terms") to filter the sources of ESI along with a search terms hit report.   If the requesting party would like additional search terms used, it shall inform the responding party of the

additional proposed search terms in writing within five (5) days of the initial exchange of Proposed

Search Terms.  The parties will then confer in good faith to reach agreement on any alternative or

additional search terms within five (5) days. If the parties cannot reach an agreement within five

(5) days thereafter, the requesting party may seek relief from the Court. The list of agreed upon

search terms can be amended at any time by agreement of the requesting and producing parties or

by order of the Court.

G.     **Acknowledgment.**   The parties acknowledge that each party must produce

responsive documents, subject to their objections, that they know to exist, even if not captured by

the search protocol contained in this Protocol.  Except as expressly stated, nothing in this order

affects the parties' discovery obligations under the State or Local Rules.

## III.   **PRODUCTION OF ESI**

A.     **Format.**  The parties will produce ESI in single-page TIFF format at 300 dpi in

black-and-white, with the exception of spreadsheet type files and presentation type files, source

code, audio, and video files, which shall be produced in native format. A receiving party may

request that documents be re-produced with the coloration of the original document by providing

a list of the Bates numbers of documents it requests to be produced in full-color, JPG format. Upon

such a request, should the producing party object to it, the parties shall promptly meet and confer

as to the appropriateness of the request and shall attempt to come to an agreement regarding the

number, types, and format of documents to be produced in color, if any. Parties are under no

obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs

will show any and all text and images which would be visible to the reader using the native

software that created the document. For example, TIFFs/JPGs of email messages should include

the BCC line, should a BCC be present on the email.  Presentation and spreadsheet documents shall

be processed with hidden slides and all speaker notes unhidden; presentation documents shall also be processed to show both the slide and the speaker's notes on the image if available.

        B.     **Natives.**  If a document is produced in native format, a single-page Bates stamped image slip sheet stating the document has been produced in native format will also be provided. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the LINK field. To the extent either party believes that specific documents or classes of documents not already identified within this Protocol should be produced in native format, the parties agree to meet and confer in good faith to resolve the request.  The producing party shall not unreasonably deny such requests.

        C.     **Redaction of Native Documents.**  If files required to be produced in native format contain both discoverable information and non-discoverable information that would otherwise be redacted for production, the producing party shall apply the redactions directly on the native file itself or, for non-spreadsheet type files, the producing party may produce TIFF/JPG with burned-in redactions in lieu of a native file and TIFF placeholder image, as follows:

        i.     If applying redactions to the native file itself, a party shall in no way remove or alter formatting and contextual information (e.g., headers, column headings, etc.) in creating the modified file for production and must retain a copy of the original, unmodified file in its native format. Documents that are to be produced in a native format but that require redactions shall be produced along with a single-page Bates stamped image slip sheet stating the document has been produced in native format.

        ii.     A party producing TIFF/JPG files that contain redacted text shall ensure that native files, prior to conversion to TIFF/JPG, reveal hidden data from redacted native files and will be formatted so as to be readable.

D.      **Appearance.** Each document's electronic image shall convey the same information and image as the original native document except for the addition of Bates numbers, any confidentiality designation(s) consistent with the terms of the Protective Order entered in this Action, and redactions – labeled appropriately to identify the type of redaction – for any asserted privilege or other confidential or private and sensitive information agreed to by the producing and requesting parties or as ordered by the Court.  If it is not practicable to include within the electronic files themselves the confidentiality designation, then the producing party shall designate in a transmittal letter or email to the party to whom the materials are produced any portions of the ESI that should be so designated.  Documents produced in native format may be designated as confidential by including such designation on the Bates stamped slip sheet produced for that document or in the file name.  Documents shall appear with any such redactions, revisions, and/or comments visible and printed. Documents that present imaging or formatting problems shall be identified by the receiving party, and the parties shall meet and confer in an attempt to resolve the problems.

E.      **Unitization.**  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file of the producing party or shall be documented in a load file or otherwise electronically tracked.

F.      **De-Duplication.**  Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  No party shall remove near-duplicate documents or

use email threading as a means to eliminate documents from production without the consent of the requesting party and allowing time for the parties to meet and confer in advance. De-duplication will be done across the entire collection (global de-duplication), the CUSTODIAN field will list the Custodian of a document after de-duplication, and the FILEPATH field will list a single filepath associated with the document. Each of the Custodians associated with the document (including those that are excluded due to de-duplication) shall be listed in the ALL_CUSTODIAN field.

       G.      **Compressed File Types.** Compressed file types (i.e., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

       H.      **Metadata.** The parties will produce extracted metadata for each document in the form of an industry standard Concordance .DAT file and include the fields shown in the table below. If specific fields cannot be provided for a particular document because, e.g., the field is unavailable or contains privileged information or the document was scanned from a hard copy, the field(s) may be left blank. For date and time field types, the format shall be provided in the following format in separate fields as specified below: mm/dd/yyyy for dates and hh:mm for time. The parties will produce the following metadata fields to the extent available:

| Field Name | Description |
|---|---|
| **Common Fields** ||
| FIRSTBATES | The beginning Bates number of the document. |
| LASTBATES | The last Bates number of the document. |
| ATTACHRANGE | The Bates range for the document family. |
| BEGATTACH | The beginning Bates number of the entire document family. |
| ENDATTACH | The last Bates number of the entire document family |
| PARENT_BATES | The beginning Bates number of the parent document of the document family. |

| | |
|---|---|
| CHILD_BATES | The beginning Bates number for each child document within the document family. |
| CUSTODIAN | Custodian of a document from which the document originated. |
| ALL_CUSTODIAN | All of the custodians of a document from which the document originated, separated by semicolons. |
| FILE_SIZE | The file size of a document in kilobytes. |
| PGCOUNT | The number of single page images associated with the document. |
| FILEPATH | The path which the document existed at its source. |
| MIME TYPE | The content type of an email or native file document as identified/extracted from the header. |
| HASH_VALUE | Unique identifier associated with the document or "de-duplication key" assigned to the document. |
| TEXT PATH | The path to the extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. There, text files should be named with their corresponding Bates numbers. |
| REDACTED | If a document contains a redaction the field will display YES. |
| FROM | The display name and email address of the author of an email/calendar item. |
| TO | The display name and email address of the recipient(s) of an email/calendar item. |
| CC | The display name and email address of the copyee(s) of an email/calendar item. |
| BCC | The display name and email address of the blind copyee(s) of an email/calendar item. |
| SUBJECT | The subject line of the email/calendar item. |
| FILE_NAME | The file name of a document. |
| TITLE | The extracted document title of the document. |
| DATE LAST MODIFIED | The date the document was last modified. |
| TIME LAST MODIFIED | The time the document was last modified. |
| LAST_MODIFIED BY | Name of the person who last modified or saved the document. |
| DATE_SENT | The date the email or calendar entry was sent. |
| TIME_SENT | The time the email or calendar entry was sent. |
| TIME_ZONE | The time zone in which the email was sent, received or the document processed. |
| CREATE DATE | The date the document was created. |

| CREATE TIME | The time the document was created. |
|---|---|
| DATE_RECEIVED | The date the email or calendar entry was received. |
| TIME_RECEIVED | The time the email or calendar entry was received. |
| CONFIDENTIALITY | The confidentiality designation of a document if it has been so designated under the Protective Order. |
| TRACK_CHANGES | A Yes/No indicator that identifies whether a document has tracked changes. |
| LINK | The relative path to a native copy of a document in a folder in the deliverable |
| FILE_EXTEN | The file extension of the document. |
| AUTHOR | The author of the document from extracted metadata. |

I.      **Attachments**. The parties agree that if any part of a parent document or its attachments is responsive, the entire document family will be produced, except any family member that must be withheld or redacted on the basis of privilege. If a family member is withheld on the basis of privilege, a slip sheet stating it has been withheld will be produced.  Alternatively, privileged attachments may be converted to TIFF images, Bates stamped and redacted in full.  In instances where any family member is withheld under a claim of privilege, and where such family member is later produced, the entire family (except any family members that must continue to be withheld or redacted on the basis of privilege) will be produced with a new Bates number. The attachments will be produced sequentially after the parent email.

## IV.    PRODUCTION FROM DATABASES

If responding to a discovery request requires production of ESI contained in a database, the producing party may comply with the discovery request by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic format (for example, in Excel or .csv format). The parties shall meet and confer as needed to agree upon the sets of data or fields to be included and to generate a report in a useable format. Upon

review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields. The parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/or inaccessibility.

## V.     PRODUCTION OF HARD COPY DOCUMENTS

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain, at a minimum, the following fields: FIRSTBATES, LASTBATES, PGCOUNT, and CUSTODIAN. The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. However, no party shall be required to unitize documents that are not maintained as individual documents. A receiving party may request that documents be re-produced with the coloration of the original document by providing a list of the Bates numbers of documents it requests to be produced in color, JPG format. Upon such a request, should the producing party object to it, the parties shall promptly meet and confer as to the appropriateness of the request and shall attempt to come to an agreement regarding the number, types, and format of documents to be produced in color, if any. The parties agree not to degrade the searchability of documents as part of the document production process, and must OCR all documents being produced.

## VI.    SERVICE OF PRODUCTIONS

A.     **Production Media.**  The producing party shall produce documents by FTP site or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall be labeled with: (1) the party making the production; (2) the date of the production; (3) text referencing the case caption; (4) the

Bates number range of the materials contained on the Production Media; and (5) any confidentiality designation(s) consistent with the terms of the Protective Order that may be entered in this matter. To maximize the security of information in transit, any Production Media may be encrypted by the producing party. In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media.

      B.    **Copies of Production Received by Third Parties.**  Any party that receives a production of documents from a third party in response to a subpoena shall provide all other parties a copy of the third party production within five business days of receipt of the production.

## VII.  PRIVILEGE LOGS

A party withholding documents or producing documents that contain redactions based on one or more claims of privilege shall produce a privilege log no later than thirty days after the first document is withheld from production and shall produce rolling logs thereafter with the final privilege log being produced no later than thirty days after the producing party asserts that it has completed its document production.  The parties do not need to log privileged emails or other communications that are solely among the parties and their outside counsel or privileged documents that were created after February 1, 2022, around the time the parties agreed to engage in mediation.

## VIII.  NO WAIVER

Nothing in this Protocol shall be deemed a waiver of any objection made by a party in response to a discovery request.

In accordance with Fed. R. Evid. 502(d), the Parties agree that, except when a party intentionally waives attorney-client privilege or work product protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of attorney-

client privileged or work product protected information pursuant to a non-waiver agreement entered into under Fed. R. Evid. 502(e) does not constitute a waiver in this proceeding, or in any other federal or state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Fed. R. Evid. 502(e). A party that produces attorney-client privileged or work product protected information to an adverse party under a Rule 502(e) agreement without intending to waive the privilege or protection shall promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney-client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it.

**AGREED TO:**

Dated:  New York, New York
         February 22, 2023

HERRICK, FEINSTEIN LLP                          ARENTFOX SCHIFF LLP

*/s/ Jennifer Muller*                            */s/ Brittany H. Sokoloff*
Scott Mollen                                     Brittany H. Sokoloff
Alan Kaplan                                      1301 Avenue of the Americas
Jennifer Muller                                  42nd Floor
Two Park Avenue                                  New York, NY 10019
New York, New York 10016                         brittany.sokoloff@afslaw.com
smollen@herrick.com
akaplan@herrick.com                              Frederick J. Sperling
jmuller@herrick.com                              Adam Diederich
                                                 233 South Wacker Drive
*Attorneys for Plaintiff and Counter-Defendant*  Suite 7100
*41-45 Property Owner, LLC*                      Chicago, IL 60606
                                                 frederick.sperling@afslaw.com
                                                 adamdiederich@afslaw.com
                                                 *Admitted Pro Hac Vice*

                                                 *Attorneys for Defendant and Counter-Plaintiff*
                                                 *CDM1, LLC*

**SO ORDERED**

Dated: February 23, 2023  _____

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

-13-