

> **Application DENIED.** Plaintiff has not established that discovery into Mr. and Mrs. Moreno's other real estate holdings or financial assets is relevant to either of its claims. Further, Defendant represents it has collected and searched Mr. and Mrs. Moreno's email accounts. So Ordered.
>
> Dated: March 10, 2023
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

March 1, 2023

Honorable Lorna B. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *41-45 Property Owner, LLC v. CDM1, LLC*, Case No. 22-cv-8634

Dear Judge Schofield:

  We represent plaintiff 41-45 Property Owner, LLC ("Plaintiff") in the above-referenced action. We respectfully write in accordance with Your Honor's Individual Rule III(c)(3) and Local Rule 37.2 to request a pre-motion discovery conference. The parties conferred on these issues on February 17, 2023 and February 27, 2023.[1] While the parties were able to resolve some of their disputes, certain disputes remain that require the Court's assistance.

Relevant Background

  Plaintiff is the sponsor of a new construction condominium located at 520 Park Avenue, NY, NY (the "Condominium"). In October 2017, the parties entered into an agreement for the purchase and sale of Condominium unit PH-58 for $34 million (the "Agreement").

  Plaintiff asserts two causes of action against Defendant for: (i) breach of contract; and (ii) breach of the implied covenant of good faith and fair dealing. Plaintiff's first cause of action is based on Defendant's failure to close title to PH-58 as required by the Option Agreement. Plaintiff's second cause of action is based on Defendant's bad faith efforts to manufacture a breach of the Agreement by asserting a false concern about possible noise from an emergency fire suppression system that only operates during a fire or routine maintenance. The Option Agreement expressly permitted noise in such limited instances.

  Plaintiff alleges that, as of the January 4, 2019 scheduled closing date, Defendant no longer desired to purchase PH-58 and instead embarked on a scheme to wrongfully manufacture Plaintiff's breach of the Agreement in order to seek the return of Defendant's Premium Payment. This allegation is supported, *inter alia*, by a December 27, 2018 email from Defendant's then counsel Marina Rabinovich stating that CDM1's members "have reassessed the situation and now prefer to not live in the building." These allegations will also be proven through testimony of one of Plaintiff's former employees concerning Defendant's desire to do a quick "flip" of PH-58 for profit, and when Defendant learned that this could not be done, Defendant formulated its scheme to claim that Plaintiff breached the Option Agreement. Plaintiff is entitled to pursue its claims through very limited, targeted discovery that is entirely within Defendant's control.

---

[1] Attached as **Exhibit A** is a true and correct copy of Plaintiff's Deficiency Notice to Defendant, dated February 24, 2023.

**HERRICK, FEINSTEIN LLP** • Two Park Avenue • New York, NY 10016 • Phone: 212.592.1400 • Fax: 212.592.1500

Discovery Disputes

Defendant is blocking Plaintiff's effort to conduct discovery on its claims. Defendant flatly refuses to produce discovery that is directly related to Plaintiff's bad faith claims, based on Defendant's self-serving opinion that it is irrelevant to the "core" issues of the case.

Defendant insists there is no relevance to when Defendant decided that it no longer desired to purchase PH-58 (which Plaintiff believes was decided before Defendant embarked on its scheme), or that Defendant may have purchased an apartment in a different building. Defendant argues such information is irrelevant because Defendant "could purchase the entire building if he wanted to." We acknowledge Defendant's wealth. That is not the subject issue. Rather, the issue involves Defendant's conduct with respect to the subject transaction. Similarly, Defendant refuses to produce evidence such as bank records to support its defense that it was ready, willing, and able to close as of the scheduled closing based on Mr. Moreno's – not Defendant's – immense wealth. To resolve the disputes, Plaintiff offered to narrow the scope of its requests and accept an affidavit in lieu of document production where appropriate.

For the Court's convenience, below are the disputed document demands with Plaintiff's proposed narrowed scope in bold.[2] Defendant has refused to comply with the demands as narrowed. Mr. Moreno's counsel made it clear that his client will not produce the requested information, not because it does not exist, not because it is privileged, and not because it is subject to any legal restriction. Rather, in Defendant's view, it is irrelevant.

Plaintiff agrees to narrow Interrogatory No. 1(x) to identify witnesses with knowledge concerning or relating to potential or actual purchases or leases of any residential real estate **within New York County, New York** by or on behalf of CDM1 or its members from January 1, 2018 **to January 1, 2020**. Thus, the request is limited to (a) residential apartments, (b) only in one county (only one part of New York City), and (c) only during a two-year time period.

Plaintiff agrees to narrow Request No. 32 to documents concerning or relating to any potential purchase or lease of any residential real estate **within New York County, New York** by or on behalf of CDM1 and/or its members **from January 1, 2018 to January 1, 2020**, whether or not such purchase or lease actually occurred.

Request No. 15 seeks documents concerning CDM1's ability, intention, or desire to sell, assign, rent, or otherwise dispose of PH-58 or CDM1's interest in the Option Agreement.

Defendant refuses to produce *any* records or information in response to narrowed Interrogatory No. 1(x), Request No. 15, or narrowed Request No. 32. This information is clearly relevant to Plaintiff's bad faith claim and will demonstrate: (i) when and why Defendant decided it no longer desired to purchase PH-58 (a decision that was made before Defendant questioned Plaintiff's compliance with Section 17.3); or (ii) that Defendant decided to purchase an apartment in a different building rather than fulfill its obligations under the Agreement.

The relevant information requested is known by Defendant and the documents are in the possession or control of Defendant and not otherwise readily available to Plaintiff. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir.2007) ("[I]f a party has

---

[2] Attached as **Exhibit B** is a true and correct copy of Defendant's responses and objections to Plaintiff's First Set of Interrogatories and Document Requests which fully restate each of Plaintiff's requests.

access and the practical ability to possess documents not available to the party seeking them, production may be required.").

Request No. 23 seeks documents concerning CDM1's ability to close, including, but not limited to, banking records during the period of November 1, 2018 through April 1, 2019.

Based on Defendant's statements at the February 27, 2023 meet and confer, Plaintiff agreed to accept an affidavit from Mr. Moreno attesting that: (i) Defendant did not have the funds needed to consummate the transaction at the time of the scheduled closings; but (ii) Mr. Moreno had sufficient funds available at the time of the scheduled closings and those funds would have been wired to Defendant for the closing if the closing were to proceed. However, on February 27, 2023, Defendant's counsel stated that "CDM1 agrees to provide Sponsor with a declaration that, had Sponsor complied with Section 17.3 of the Option Agreement, funds would have been wired to CDM1 to proceed with the closing." After Plaintiff's counsel stated it would not accept an affidavit arguing Defendant's case, Defendant stated that it would "provide you a declaration stating that CDM1 had sufficient funds to close."[3]

Finally, Defendant's counsel has not collected or searched Mr. and Ms. Moreno's email accounts. In the February 21, 2023 status letter, Defendant represented that "CDM1 searched the email account of Arturo Moreno; no potentially responsive documents exist in this email account." Defendant only recently admitted that Mr. Moreno, rather than counsel, performed the search and that he only used two search terms "520 Park" and "Vallone," and plans to add the term "Xhema."[4] These are not the search terms agreed upon by the Parties and it is unclear why Mr. Moreno is running his own search, rather than counsel collecting the entire inbox and performing the search.[5]

Defendant, like Plaintiff, is obligated to comply with the Federal Rules of Civil Procedure and produce documents responsive to properly served document demands. Pursuant to FRCP Rule 26(b)(1), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense." This rule is liberally construed and "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Allianz Global Investors GmbH v. Bank Of Am. Corp.*, 2021 WL 211544, *2 (S.D.N.Y. 2021). This is especially so when the information sought is in the sole control of the party resisting disclosure and not readily available from other known sources. The documents sought are clearly relevant to both parties' claims. Furthermore, Your Honor previously explained during the January 4 pre-motion conference that Defendant's motion to dismiss has no impact on the scope of discovery and does not prevent Plaintiff's discovery regarding its claims.

Plaintiff respectfully requests that the Court schedule a conference as soon as possible to discuss these discovery disputes. A quick resolution of these issues is required to allow the parties to adhere to the Court's current discovery schedule. Depositions are currently scheduled to occur on March 27 through April 3, 2023.

Respectfully submitted,

/s/ Scott E. Mollen

---

[3] Attached as **Exhibit C** is the Parties' February 28, 2023 correspondence regarding the proposed declaration.

[4] Attached as **Exhibit D** is the Parties' February 28, 2023 correspondence regarding Mr. Moreno's emails.

[5] The full scope of terms to be used by Defendant have not been agreed to. The discussion of search terms was paused once Defendant stated it refuses to produce any documents responsive to the Requests described herein.