UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
41-45 PROPERTY OWNER, LLC,                                  :
                                    Plaintiff,              :
                                                            :        22 Civ. 8634 (LGS)
                    -against-                                :
                                                            :        ORDER
CDM1, LLC,                                                  :
                                    Defendant.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        In this action, Plaintiff 41-45 Property Owner, LLC, the sponsor of a luxury

condominium, brings two claims against Defendant CDM1, LLC, relating to Defendant's failure

to close on the purchase of a condominium unit.  Plaintiff brings two claims: breach of contract

and breach of the implied covenant of good faith and fair dealing.  A brief order issued March

28, 2023, granted Defendant's motion to dismiss the implied covenant claim.  This opinion

provides the reasoning for that order.

## I.      BACKGROUND

        The following facts are taken from the Complaint and its attached documents.  The facts

are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be

true for purposes of adjudicating this motion.  *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6

F.4th 293, 305 (2d Cir. 2021).

        Plaintiff is the sponsor of 520 Park Avenue, a luxury condominium in Manhattan's Upper

East Side.  On or around October 6, 2017, Plaintiff and Defendant entered the Option Agreement

for the sale of a unit.  The parties agreed to a purchase price of $34 million, and Defendant paid a

deposit of $8.5 million when the agreement was executed.

The Option Agreement includes a provision, ¶ 17.3, which requires Plaintiff to "have taken all reasonable measures to test, verify and specifically ensure Purchaser that the mechanical function of [the] Tank and Pump system does not create any sound or noise that will impair Purchaser's quiet enjoyment and use of the Unit." The "Tank and Pump system" refers to the portion of the building's fire suppression system located on the same floor as the unit, including an automatic fire pump. At the time of contracting, Plaintiff anticipated that the pump would rarely be activated. Two riders to the Option Agreement set out various unrelated modifications to the unit, which Plaintiff agreed to make as part of the sale. The Option Agreement and the two riders do not address or require any soundproofing measures.

The day before the scheduled January 4, 2019, closing, Defendant provided written notice that Defendant would not attend the closing and asked what Plaintiff had done to comply with ¶ 17.3. Plaintiff agreed to adjourn the closing to February 8, 2019, and obtained a report from a consulting firm confirming that the mechanical room adjacent to the unit was not making noise and that the sound levels in the unit were below industry norms. Defendant rejected this report on January 15, 2019, purportedly because the automatic fire pump had not been active during the consultant's tests, and demanded additional information and testing.

On February 11, 2019, Plaintiff served Defendant with a notice of default due to the failure to close title on the unit. Pursuant to the Option Agreement, Defendant had thirty days to cure the default. Defendant failed to do so. Plaintiff incurred additional costs of approximately $2.4 million to eliminate Defendant's modifications and return the unit to its original state in order to market it.

2

## II.  STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive dismissal, "plaintiffs must provide the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (cleaned up).  "In reviewing a motion to dismiss, [a court] may consider not only the facts alleged in the complaint, but also documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *Sabir v. Williams*, 52 F.4th 51, 54 (2d Cir. 2022) (cleaned up).

## III.  DISCUSSION

Plaintiff brings two claims.  The first is a claim for breach of contract on account of Defendant's failure to close.  The first claim seeks to retain Defendant's deposit as damages pursuant to the liquidated damages provision in the Option Agreement.  The second claim asserts breach of the implied covenant of good faith and fair dealing based on Defendant's allegedly imposing additional requirements on Plaintiff to establish its compliance with ¶ 17.3, and using Plaintiff's purported breach of that provision as a pretext for terminating the Option Agreement. On this claim, Plaintiff seeks additional damages of $2.4 million, which represents Plaintiff's costs to eliminate Defendant's modifications to the unit and render the unit marketable to future purchasers.

Defendant's motion to dismiss the breach of implied covenant of good faith and fair dealing claim is granted because the liquidated damages provision in the Option Agreement limits Plaintiff's damages to Defendant's forfeiture of its deposit.

The Option Agreement contains a New York choice of law provision, which is enforceable here.  In addition, the parties cite New York law in their motion papers.  "[S]uch implied consent is sufficient to establish the applicable choice of law." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) (cleaned up).  Under New York law, "[d]etermining whether a contract is ambiguous is an issue of law for the courts to decide." *Donohue v. Cuomo*, 184 N.E.3d 860, 867 (N.Y. 2022) (internal quotation marks omitted).  "Contractual claims unambiguously barred by an agreement between the parties may be determined on a motion to dismiss." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 122 (2d Cir. 2022).

The Option Agreement contains the following liquidated damages provision:

> TIME IS OF THE ESSENCE with respect to Purchaser's obligations to pay the Exercise Price and to pay, perform or comply with Purchaser's other obligations under this Agreement.  Upon the occurrence of an Event of Default, Sponsor, in its sole discretion, may elect by notice to Purchaser to cancel this Agreement.  If Sponsor elects to cancel, Purchaser shall have 30 days from the giving of the notice of cancellation to cure the specified default.  *If the default is not cured* within such 30 days, TIME BEING OF THE ESSENCE, *then this Agreement shall be deemed cancelled, and Sponsor shall have the right to retain, as and for liquidated damages, (a) the entire Premium Payment* and any interest earned on the Premium Payment and (b) Unit Upgrade Funds.  *Upon the cancellation of this Agreement, Purchaser and Sponsor will be released and discharged of all further liability and obligations hereunder* and under the Plan, and the Unit may be sold to another as though this Agreement had never been made, and without any obligation to account to Purchaser for any of the proceeds of such sale.

(emphasis added).  Under New York law, "[t]he best evidence of what parties to a written agreement intend is what they say in their writing." *Tomhannock, LLC v. Roustabout Resources, LLC*, 128 N.E.3d 674, 675 (N.Y. 2019) (internal quotation marks omitted).  "Under longstanding rules of contract interpretation, where the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole." *Id.* (internal quotation marks omitted).

4

It is unnecessary to parse the exact scope of the liquidated damages provision in the Option Agreement because, by its clear and unambiguous terms and as Plaintiff admits, the provision applies to "liability and obligations hereunder and under" the Agreement and the Offering Plan.  The provision unambiguously provides that upon cancellation of the agreement, Plaintiff "shall have the right to retain . . . the entire Premium Payment," and the parties are then "released and discharged from all further liability and obligations hereunder . . . ."  Where, as here, the parties' relationship is only contractual and there is no allegation that a party violated a duty independent of its obligations under the contract, all of the parties' liability and obligations arise under the contract.  *See EBC I, Inc. v. Goldman, Sachs & Co.*, 832 N.E.2d 26, 31 (N.Y. 2005) ("Generally, where parties have entered into a contract, courts look to that agreement to discover the nexus of the parties' relationship and the particular contractual expression establishing the parties' interdependency." (cleaned up)); *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193-94 (N.Y. 1987) ("It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.  This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract . . . ." (citation omitted)).  As a matter of law, the implied covenant of good faith and fair dealing is an obligation that arises out of the contract.  *See New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 769 (N.Y. 1995) ("[I]mplicit in every contract is a covenant of good faith and fair dealing, which encompasses any promises that a reasonable promise would understand to be included." (citation omitted)).  Accordingly, Plaintiff's breach of implied covenant claim arises under the Option Agreement, and by the terms of the agreement, Plaintiff's damages are limited to Defendant's forfeiture of its deposit.

The implied covenant claim is dismissed because it provides Plaintiff no basis for additional damages nor additional grounds for liability.  In that sense the claim is duplicative of the breach of contract claim.  *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20 Civ. 5015, 2021 WL 3668092, at \*4 (S.D.N.Y. Aug. 17, 2021) (applying New York law) ("One factor courts consider in assessing whether claims are duplicative is the relatedness of the damages sought in each claim."); *Polcom USA, LLC v. Affiliated FM Ins. Co.*, 551 F. Supp. 3d 290, 297 (S.D.N.Y. 2021) (applying New York law) ("[A] claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." (internal quotation marks omitted)); *ARI & Co., Inc. v. Regent Int'l Corp.*, 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003) (applying New York law) ("[W]here the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is intrinsically tied to the damages allegedly resulting from the breach of contract, there is no separate and distinct wrong that would give rise to an independent claim." (cleaned up)).  If Plaintiff prevails on its breach of contract claim, Plaintiff cannot recover any additional damages for breach of the implied covenant because of the liquidated damages provision.  On the other hand, if Plaintiff fails on its breach of contract claim, then Plaintiff cannot, as a factual matter, recover for any breach of the implied covenant; the finder of fact will have determined that Defendant was substantially justified in failing to close on the unit, and therefore did not act in bad faith and for pretextual reasons in refusing to close on the unit.  Plaintiff's argument that a breach of the implied covenant can occur even when there is no breach of contract misses the mark because, in this case, the two claims depend on the same underlying facts.  The cases on which Plaintiff relies are inapt for the same reason.

Plaintiff's remaining argument also fails.  Plaintiff argues that this dispute is not yet ripe, because "whether Section 13.2 [the liquidated damages provision] applies . . . is vigorously contested by the parties."  However, the interpretation of a contract, including a finding that it is unambiguous, and the resolution of claims precluded as a matter of law "may be determined on a motion to dismiss."  *JN Contemp. Art* LLC, 29 F.4th at 122.

\*     \*     \*

For the reasons above, Defendant's motion to dismiss the Second Cause of Action, for breach of the implied covenant of good faith and fair dealing, is granted.

Dated: April 17, 2023
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

7