UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
41-45 PROPERTY OWNER, LLC,
                              Plaintiff,

                  -against-

CDM1, LLC,
                              Defendant.
------------------------------------------------------------X

22 Civ. 8634 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 8, 2025, the parties filed lists of witnesses each party intends to call at trial.

WHEREAS, the parties filed the witness lists under seal at Dkt. Nos. 134 and 135.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, there appears to be no legally cognizable reason the witness lists should be under seal. It is hereby

**ORDERED** that if there is any reason the witness lists should be under seal, the parties shall make an application to file them under seal, consistent with Judge Schofield's Individual Rules regarding sealing, by **September 15, 2025**. It is further

**ORDERED** that if no such application is made, the seals will be removed from the witness lists at Dkt. Nos. 134 and 135.

Dated: September 11, 2025
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE