ArentFox Schiff

ArentFox Schiff LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.484.3900 MAIN
212.484.3990 FAX

afslaw.com

Brittany H. Sokoloff
Partner
212.745.9555 DIRECT
brittany.sokoloff@afslaw.com

September 2, 2026

VIA ECF

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: Case No. 1:22-cv-08634 (LGS), 41-45 Property Owner, LLC v. CDM1, LLC, Deposition Designations**

Dear Judge Schofield:

On August 26, the Court ordered the parties to "file a letter identifying the specific deposition designations *used at trial*." ECF 185, emphasis added. CDM1, the only party that submitted deposition designations at trial, filed a letter on August 27 including the deposition designations used at trial and Sponsor's counter-designations. ECF 186. Sponsor does not dispute the accuracy of those designations. *See* ECF 187 ("Defendant's Letter accurately recites the designations/counter-designations of deposition testimony submitted at the October 2025 trial . . . ."). Nevertheless, Sponsor submitted its own letter, the main focus of which is to advocate for the Court's admission of testimony that was not used at trial and not included in deposition designations. Sponsor's letter includes three major misrepresentations; CDM1 writes to address those.

1. The Court did not strike CDM1's objections to Sponsor's attempt to admit new evidence in its post-trial briefing. Among the issues addressed in CDM1's Post-Trial Reply Memorandum was that Sponsor included in its post-trial submission evidence that it never offered for admission at trial. *See* ECF 176 at 1. CDM1 attached to its brief an exhibit that listed examples of new evidence Sponsor sought to admit through its post-trial briefing.[1] Sponsor moved to strike CDM1's addendum as exceeding the page limit. ECF 177. The Court granted the motion to strike the addendum for the sole reason that it exceeded the page limit. ECF 181. The Court did not opine on whether Sponsor could admit new evidence in its post-trial submission. For that reason, CDM1 addressed in its August 27

[1] CDM1's addendum also included a chart reflecting erroneous citations in Sponsor's submission, where the citation did not support the statement in the submission. That is not at issue in the Court's request for deposition designations.

ArentFox Schiff



letter the deposition citations that were neither offered nor admitted at trial, but that Sponsor cited to in its post-trial briefing.

2. The Court never authorized the parties to unilaterally supplement the record. The Court's directive to submit "'amended findings of fact and conclusions of law that include citations to the trial transcript and anything new . . . '" did not impliedly authorize Sponsor to add to its post-trial briefing new evidence that was not admitted at trial. Tr. 231:7-9. The Court authorized the Parties to add to their proposed findings of fact and conclusions of law anything new that came out *at trial* (of which there was plenty because Sponsor introduced several exhibits for the first time at trial). As Sponsor acknowledges, the Court went on to state "'if there's anything you want to add to the record because it is critical and for some reason it didn't get into trial, you may make an application.'" ECF 187 (citing Tr: 233:1-4). Yet Sponsor made no such application. Instead, Sponsor cited new evidence in its post-trial briefing without acknowledging that the evidence had not been admitted at trial.

3. The standard for whether a party can submit new evidence in post-trial briefing is not whether the evidence will cause prejudice. Sponsor cites three cases – each addresses whether a court can admit certain evidence during a bench trial. *See Van Alen v. Dominick & Dominick, Inc.*, 560 F.2d 547, 551 (2d Cir. 1977) (considering the admissibility of evidence introduced on cross examination); *Dreyful Ashby, Inc. v. S/S "ROUEN"*, No. 88 CIV. 2890 (MBM), 1989 WL 151685, at *2 (S.D.N.Y. Dec. 12, 1989) (considering whether hearsay evidence should be admitted at trial); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 CIV. 8294 (PKL), 2003 WL 22764545, at *1 (S.D.N.Y. Nov. 21, 2003) (considering whether a letter could be admitted on the last day of a bench trial). None of these cases permit a court to admit new evidence into the record after the close of the trial. If Sponsor wanted to add this testimony to the record, it should have moved the Court.

The court had clear pretrial procedures in place to submit deposition designations and counter-designations. The Court directed the parties to "exchange designations and counterdesignations as necessary to file them together on **September 29, 2025**." ECF 132 (emphasis retained). The Court specifically stated that "Any deposition testimony must be read or played at trial as part of the 2.5 hours allotted to each party." Sponsor's attempt to introduce additional testimony that was never offered or admitted at trial seeks to bypass the process (and time limits) with which CDM1 complied. The Court should not permit Sponsor to rely on testimony that was never presented and admitted at trial.

ArentFox Schiff



Sincerely,

Brittany H. Sokoloff